IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| PETER BABLES, | § § § § | |
| Plaintiff | | |
| VS. | § § § § § § § | Case No. 4:16cv104 |
| CITIMORTGAGE, INC., | | |
| Defendant. | | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE
AND ORDER ABATING DEADLINES IN
THE COURT'S ORDER GOVERNING PROCEEDINGS**

Now before the Court is Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Petition for Failure to State a Claim (Dkt. 5). As set forth below, the Court finds that the motion should be GRANTED.

Plaintiff's Original Petition has not been amended since removal. *See* Dkt. 1-2. Plaintiff seeks judicial intervention to prevent the foreclosure of his home at 5912 Deer Run Drive, McKinney, Texas 75070 ("the Property") which was set for February 2, 2016. Although no specific causes of action are asserted, Plaintiff moves for injunctive relief and argues that the attempted foreclosure by Defendant violates Chapter 3 of the Texas Business and Commerce Code, RESPA, and HUD provisions including 24 C.F.R. §§ 203.604, 203.605. Plaintiff claims that Defendant is not the original lender or noteholder, that Defendant has not provided proof that the note has been transferred despite his qualified written request, and that Defendant has not conducted a face-to-face meeting with him regarding the foreclosure.

1

In its motion, Defendant argues that Plaintiff has not stated a claim or even alleged an independent cause of action. Specifically, Defendant argues that (1) Section 3.602 of the Texas Business & Commerce Code creates no obligation for it to postpone a foreclosure sale; (2) no RESPA claim has been stated in Defendant's refusal to postpone the foreclosure sale; (3) Plaintiff's allegations do not establish applicability of the HUD regulations; and (4) Plaintiff is not entitled to injunctive relief. *See* Dkt. 5.

Defendant's motion was filed on February 17, 2016. When no response was timely filed, this Court entered an order indicating that, if Plaintiff did not respond to the motion to dismiss on or before March 14, 2016, the Court would assume that Plaintiff was not opposed to the relief requested and proceed accordingly. *See* Dkt. 7. Such a practice is in accordance with Local Rule CV-7(d) which provides that if "a party fails to oppose a motion in the manner prescribed herein, the court will assume that the party has no opposition." E.D. TEX. L. R. CV-7(d).

Plaintiff did not file a response or take any other action to address the deficiencies in his pleadings by the Court's deadline, and the motion is ripe for resolution.

### STANDARD

When reviewing a case under Rule 12(b)(6) of the Federal Rules of Civil Procedure to determine whether a plaintiff has stated a claim, the Court must accept as true all well-pleaded facts contained in the plaintiff's complaint and view them in the light most favorable to the plaintiff. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996). A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d

929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id*. at 563 n.8.

Although detailed factual allegations are not required, a plaintiff must provide the grounds of his entitlement to relief beyond mere "labels and conclusions," and "a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. The complaint must be factually suggestive, so as to "raise a right to relief above the speculative level" and into the "realm of plausible liability." *Id*. at 555, 557 n.5. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Fraud claims must also meet the heightened pleading standard of Rule 9(b), under which "a party must state with particularity the circumstances constituting fraud." FED. R. CIV. P. 9(b).

## ANALYSIS

The Court has reviewed Defendant's dismissal arguments and, without any argument to the contrary from Plaintiff, finds that they are well-founded and supported by applicable authority.

As to Plaintiff's claims that Defendant's foreclosure efforts violate Chapter 3 of the Texas Business and Commerce Code, Defendant's authorities demonstrate that a note on real property does not fall within the UCC. TEX. BUS. & COM. CODE § 3.104, cmt. 2 ("Article 3 is not meant to apply to contracts for the sale of goods or services or the sale or lease of real property or similar writings that may contain a promise to pay money"); *see also* TEX. BUS. & COM. CODE § 9.109(d)(11) ("This chapter does not apply to: the creation or transfer of an interest in or lien on real property...."); *Clapp v. Wells Fargo, Nat. Ass'n*, 2014 WL 1677805, at *3 (N.D. Tex. 2014) ("contrary to plaintiffs' assertions, a mortgage note is not 'within' the UCC because the Deed of Trust places a lien on real property, it is not governed by the UCC.") (quoting *Vogel v. Travelers Indem. Co.*, 966 S.W.2d 748, 753 (Tex. App.—San Antonio 1998, no pet.). Plaintiff has not shown how, despite this clear authority, Defendant's attempt at foreclosure violates the Texas Business and Commerce Code.

The Court also agrees that Plaintiff has alleged no actual damages as would be required to state a claim for a violation of RESPA. *Bittinger v. Wells Fargo Bank NA*, 744 F. Supp. 2d 619, 627 (S.D. Tex. 2010) (citing 12 U.S.C. § 2605(f)(1)(A)); *Whittier v. Ocwen Loan Serv., L.L.C.*, 594 F. App'x 833, 836 (5th Cir. 2014) ("To recover, a claimant must show that actual damages resulted from a RESPA violation.").

As to Plaintiff's complaint that Defendant has not conducted a face-to-face meeting with him, Plaintiff has failed to show how his loan is subject to the HUD regulations or that any private cause of action arises out of the C.F.R. provisions cited in his petition. *See, e.g., Moses v. Banco Mortg. Co.*, 778 F.2d 267, 271–72 (5th Cir. 1985) (stating that there is no express private right of action under the National Housing Act, and the court will not imply such rights to private parties). Plaintiff

4

has not stated any facts or otherwise shown how he has standing to bring any such claims falling under the Fair Housing Act or HUD regulations, and no claim can be stated based on these allegations.

As to any challenges by Plaintiff to Defendant's authority to foreclose, it is also well-settled that a party need not prove ownership in the note to foreclose. *Martins v. BAC Home Loans, Serv., LP*, 722 F.3d 249, 254-55 (5th Cir. 2013).

Finally, because Plaintiff has not shown a likelihood of success on the merits of any his allegations, there is no basis for injunctive relief regarding Plaintiff's request to stop any foreclosure on the Property.

Having reviewed Defendant's motion and finding that it raises meritorious grounds for dismissal and having considered Plaintiff's lack of written response to argue anything to the contrary, the Court recommends that the Defendant's Rule 12(b)(6) Motion to Dismiss Plaintiff's Petition for Failure to State a Claim (Dkt. 5) be GRANTED and that Plaintiff's claims should be dismissed for failure to state a claim.

***The deadlines set forth in the Court's February 24, 2016 Order Governing Proceedings (see Dkt. 6) are hereby ABATED and the May 3, 2016 case management conference is CANCELLED pending the District Judge's consideration of this report and recommendation. Should the matter not be dismissed, the parties are directed to file their Rule 26(f) report within ten (10) days of the District Judge's disposition of the motion to dismiss, indicating whether a case management conference is requested.***

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

A party is entitled to a *de novo* review by the district court of the findings and conclusions contained in this report only if specific objections are made, and failure to timely file written objections to any proposed findings, conclusions, and recommendations contained in this report shall bar an aggrieved party from appellate review of those factual findings and legal conclusions accepted by the district court, except on grounds of plain error, provided that the party has been served with notice that such consequences will result from a failure to object. *Id.; Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

**SIGNED this 13th day of April, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE